**UNITED STATES of America**

v.

**Harry R. THOMAS, Jr., Appellant.**

**No. 23058.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 20, 1972.

Decided May 15, 1972.

Certiorari Denied Oct. 10, 1972. See 93 S.Ct. 198.

------•------

Mr. David M. Wortman, Washington, D. C., with whom Mr. Howard M. Rensin, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. Roger M. Adelman, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Messrs. Harold H. Titus, Jr., present U. S. Atty., and James R. Phelps, Asst. U. S. Atty., also entered appearances for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and TAMM and ROBB, Circuit Judges.

PER CURIAM:

The appellant was convicted of the armed robbery of a liquor store and assault with a dangerous weapon committed in carrying out the robbery. On this appeal he makes two points. First, he says that his constitutional right to counsel was violated when after his arrest, but in the absence of counsel, the police showed eye witnesses to the holdup a group of photographs, including a photograph of the appellant. Second, he contends that there was prejudicial error at his trial because the police failed to produce the photographs exhibited to the witnesses. We reject both contentions.

The district court held a pretrial hearing to determine the admissibility of the testimony of prospective identification witnesses. Evidence at the hearing disclosed that shortly after the appellant's arrest a police officer exhibited a number of photographs of suspects to the witnesses Williams and Pincus. Williams picked out a picture of the appellant but Pincus was unable to identify anyone; indeed, at trial Pincus was unable to say definitely that he had been shown any photographs. The court found that there was no reason to suppress the identification testimony. The court said:

The principal identifying witness, Mr. Williams, is a Negro and so is the Defendant. He had ample opportunity at close range, under good lighting conditions, to observe the Defendant. The Court, after observing his demeanor and his manner on the stand, and his answers to various questions, is satisfied with his answer that regardless of whether or not he had seen photographs, he would be able, as he did in Court today, to identify the Defendant as the man who stuck a gun at him in the hold-up.

As far as the photographs are concerned, it appears to the Court that appropriate police procedures were followed. There is no reason to believe that there was any selection of these photographs designed to pinpoint or highlight the Defendant as against others. The photographs were selected in terms of skin coloration, age, and other comparable factors.

The Court does not feel the utilization of the photographs was so unduly prejudicial as to taint the identification in this case, and there is no evidence that the police proceeded in an improper manner.

It appeared that after Williams viewed the photographs the police replaced them in their files, without making a record of their identities; consequently the police were unable to retrieve the photographs for use in court.

Both Williams and Pincus identified the appellant at trial. On their direct examination no reference was made to the pretrial exhibition of photographs. On cross examination Pincus testified that he was not sure he was shown any photographs but if he was, he knew he did not select anybody from them. Counsel for the appellant developed on cross examination of Williams that he

had been shown photographs and had identified a picture of the appellant.

Without intimating that the decision in United States v. Ash, 149 U.S.App.D. C. ——, 461 F.2d 92 (1972) is retroactive,[1] we hold that in any event it does not help the appellant. In the *Ash* case the government introduced in evidence the photographs exhibited to identifying witnesses. Here the government did not rely on the photographic identification and made no reference to it. Moreover, we have here a positive finding by the district judge, after a full hearing, that there was an independent source for the identification in court and that there was no evidence of unfairness in the exhibition of photographs to the witnesses.

■■ The appellant argues that the failure of the police to produce the photographs at trial was prejudicial because it circumscribed his right to explore the fairness of the identification process. He contends further that this failure created a presumption, which should have been considered by the jury, that the photographs were unduly suggestive. We cannot agree. The circumstances of the photographic identification by Williams were fully explored at the pretrial hearing. There was no suggestion that the police acted willfully, recklessly, or in bad faith in not producing the photographs. It must be remembered that the photographic identification took place on June 1 and June 3, 1968, before the importance of preserving or recording the photographs was emphasized by any court. Although the absence of the photographs was a factor to be considered in weighing the evidence concerning the identification, it did not create any presumption of impropriety. We note finally that no request for an instruction on such a presumption was made by appellant's counsel at trial.

The judgment is affirmed.

---

1. *See* Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967);

United States v. Higgins, 458 F.2d 461 (3rd Cir., 1972).